CRAIG CARPENITO
United States Attorney
FRANCES C. BAJADA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Telephone (973) 297-2038

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRLEY TAVERAS, ET AL., | Honorable |
| Plaintiffs, | |
| v. | Civil Action No. |
| AUBENSOR HENRY, ET AL., | |
| Defendants. | NOTICE OF REMOVAL |

To:   Clerk
      Superior Court of New Jersey
      Civil Division, Hudson County
      583 Newark Avenue
      Jersey City, New Jersey 07306

      Michelle M. Smith, Esq., Clerk
      Office of the Superior Court Clerk
      Richard J. Hughes
      Justice Complex
      25 W. Market Street
      6th Floor North Wing
      P.O. Box 971
      Trenton, New Jersey 08625

      Jay B. Yacker, Esq.
      Thomas D. Glatt, Esq.
      Yacker Glatt, LLC
      648 Newark Avenue
      Jersey City, New Jersey 07306

**PLEASE TAKE NOTICE** that the case of *Shirley Taveras, et al. v. Aubensor Henry, et al.*, previously pending in the Superior Court of New Jersey, Hudson County, Civil Division, assigned Docket Number HUD-L-3455-18, is hereby removed to the United States District Court for the District of New Jersey,

pursuant to the provisions of 28 U.S.C. § 2679(d).  The Unites States of America is hereby substituted for Defendants Aubensor Henry and General Services Administration pursuant to 28 U.S.C. § 2679(d)(2).  The United States, now substituted as defendant in this matter, through its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (Frances C. Bajada, Assistant United States Attorney, appearing), states as follows upon information and belief:

1. Aubensor Henry and the General Services Administration, an agency of the United States, have been named as defendants in an action now pending in the Superior Court of New Jersey, Hudson County, Civil Division and assigned docket number HUD-L-3455-18.  A copy of the summons and complaint is attached as Exhibit A.

2. In the complaint, filed on or about August 31, 2018, Plaintiffs Shirley Taveras and Elianna Taveras seek damages from the Defendants for alleged personal injuries sustained as a result of tortious conduct by Defendant Aubensor Henry.

3. Pursuant to 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.4, the United States Attorney, through his designee, has certified that Aubensor Henry, an employee of the United States, was acting within the scope of his employment during the incident alleged in Plaintiffs' complaint.  The certification of scope of employment is attached as Exhibit B.

4. Section 2679(b), as amended by the Federal Employees Liability

Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that the Federal Tort Claims Act is the exclusive remedy for tort claims against the United States. Aubensor Henry has personal immunity and the United States is the only cognizable proper defendant as to the Plaintiffs' state law tort claims alleged against them in this action. Moreover, as a result of the certification of scope of employment, this action is now deemed to be brought against the United States. See 28 U.S.C. § 2679(b)(1).

5. The United States District Courts have exclusive jurisdiction over tort actions filed against the United States under the Federal Tort Claims Act. See 28 U.S.C. §§ 1346(b) and 2679.

6. Federal law directs that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed without bond at any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2) (emphasis added). On information and belief, no trial date for this matter has been set by the Superior Court of New Jersey.

7. Accordingly, the United States District Court for the District of New

3

Jersey has exclusive jurisdiction over this action under 28 U.S.C. § 1346(b), and this action is properly removed to this Court pursuant to 28 U.S.C. § 2679(d)(2).

8.  No answer to the complaint has been filed on behalf of the Defendants in the Superior Court of New Jersey.

9.  A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Hudson County, Civil Division.

**THEREFORE**, in accordance with 28 U.S.C. § 2679, the above-captioned action filed in the Superior Court of New Jersey, Hudson County, Civil Division, is hereby removed to the United States District Court for the District of New Jersey with the United States substituted as defendant for further proceedings.

Dated:  Newark, New Jersey
May 6, 2019

                        CRAIG CARPENITO
                        United States Attorney

By:  *s/Frances C. Bajada*
      Frances C. Bajada
      Assistant United States Attorney