# EXHIBIT A

YACKER GLATT, LLC
648 NEWARK AVENUE
JERSEY CITY, NJ 07306
TEL: (201)420-0001
Attorney: Jay B. Yacker, Esq.
Attorney ID: 038531989
Attorneys for Plaintiff: Shirley Taveras

| | |
|---|---|
| **Shirley Taveras and Elianna Taveras,**<br><br>**Plaintiffs**<br><br>v.<br><br>**Aubensor Henry, General Services Administration, John Does 1-3 and ABC Corp. 1-3**<br><br>**Defendants** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: HUDSON COUNTY**<br><br>**DOCKET NO.: HUD-L-3455-18**<br><br>**CIVIL ACTION**<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:   December 31, 2018

　　　　　　　　　　　　　　　　　　　　　　Michelle M. Smith, Esq
　　　　　　　　　　　　　　　　　　　　　　Clerk of the Superior Court

Name of Defendant to Be Served:　　Aubensor Henry

Address of Defendant to Be Served:　19 Colonial Drive, Apt 14
　　　　　　　　　　　　　　　　　　Bayonne, NJ 07002

Revised 7/1/2008, CN 10792

# DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:** Deputy Clerk of the Superior Court Civil Division, Direct Filing 1201 Bacharach Blvd., First Fl. Atlantic City, NJ 08401 LAWYER REFERRAL (609) 345-3444 LEGAL SERVICES (609) 348-4200

**BERGEN COUNTY:** Deputy Clerk of the Superior Court Civil Division, Room 115 Justice Center, 10 Main St. Hackensack, NJ 07601 LAWYER REFERRAL (201) 488-0044 LEGAL SERVICES (201) 487-2166

**BURLINGTON COUNTY:** Deputy Clerk of the Superior Court Central Processing Office Attn: Judicial Intake First Fl., Courts Facility 49 Rancocas Rd. Mt. Holly, NJ 08060 LAWYER REFERRAL (609) 261-4862 LEGAL SERVICES (800) 496-4570

**CAMDEN COUNTY:** Deputy Clerk of the Superior Court Civil Processing Office Hall of Justice 1st Fl., Suite 150 101 South 5th Street Camden, NJ 08103 LAWYER REFERRAL (856) 964-4520 LEGAL SERVICES (856) 964-2010

**CAPE MAY COUNTY:** Deputy Clerk of the Superior Court 9 N. Main Street Cape May Court House, NJ 08210 LAWYER REFERRAL (609) 463-0313 LEGAL SERVICES (609) 465-3001

**CUMBERLAND COUNTY:** Deputy Clerk of the Superior Court Civil Case Management Office 60 West Broad Street P.O. Box 10 Bridgeton, NJ 08302 LAWYER REFERRAL (856) 692-6207 LEGAL SERVICES (856) 451-0003
**ESSEX COUNTY:** Deputy Clerk of the Superior Court Civil Customer Service Hall of Records, Room 201 465 Dr. Martin Luther King Jr. Blvd. Newark, NJ 07102 LAWYER REFERRAL (973) 622-6204 LEGAL SERVICES (973) 624-4500 Revised 7/1/2008, CN 10792 Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

**GLOUCESTER COUNTY:** Deputy Clerk of the Superior Court Civil Case Management Office Attn: Intake First Fl., Court House 1 North Broad Street Woodbury, NJ 08096 LAWYER REFERRAL (856) 848-4589 LEGAL SERVICES (856) 848-5360

**HUDSON COUNTY:** Deputy Clerk of the Superior Court Superior Court, Civil Records Dept. Brennan Court House--1st Floor 583 Newark Ave. Jersey City, NJ 07306 LAWYER REFERRAL (201) 798-2727 LEGAL SERVICES (201) 792-6363

**HUNTERDON COUNTY:** Deputy Clerk of the Superior Court Civil Division 65 Park Avenue Flemington, NJ 08822 LAWYER REFERRAL (908) 735-2611 LEGAL SERVICES (908) 782-7979

**MERCER COUNTY:** Deputy Clerk of the Superior Court Local Filing Office, Courthouse 175 S. Broad Street, P.O. Box 8068 Trenton, NJ 08650 LAWYER REFERRAL (609) 585-6200 LEGAL SERVICES (609) 695-6249

**MIDDLESEX COUNTY:** Deputy Clerk of the Superior Court, Middlesex Vicinage 2nd Floor - Tower 56 Paterson Street, P.O. Box 2633 New Brunswick, NJ 08903-2633 LAWYER REFERRAL (732) 828-0053 LEGAL SERVICES (732) 249-7600

**MONMOUTH COUNTY:** Deputy Clerk of the Superior Court Court House P.O. Box 1269 Freehold, NJ 07728-1269 LAWYER REFERRAL (732) 431-5544 LEGAL SERVICES (732) 866-0020 **MORRIS COUNTY:** Morris County Courthouse Civil Division Washington and Court Streets P. O. Box 910 Morristown, NJ 07963-0910 LAWYER REFERRAL (973) 267-5882 LEGAL SERVICES (973) 285-6911

**OCEAN COUNTY:** Deputy Clerk of the Superior Court 118 Washington Street, Room 121 P.O. Box 2191 Toms River, NJ 08754-2191 LAWYER REFERRAL (732) 240-3666 LEGAL SERVICES (732) 341-2727 Revised 7/1/2008, CN 10792 Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

**PASSAIC COUNTY:** Deputy Clerk of the Superior Court Civil Division Court House 77 Hamilton Street Paterson, NJ 07505 LAWYER REFERRAL (973) 278-9223 LEGAL SERVICES (973) 523-2900

**SALEM COUNTY:** Deputy Clerk of the Superior Court Attn: Civil Case Management Office 92 Market Street Salem, NJ 08079 LAWYER REFERRAL (856) 678-8363 LEGAL SERVICES (856) 451-0003

**SOMERSET COUNTY:** Deputy Clerk of the Superior Court Civil Division P.O. Box 3000 40 North Bridge Street Somerville, N.J. 08876 LAWYER REFERRAL (908) 685-2323 LEGAL SERVICES (908) 231-0840

**SUSSEX COUNTY:** Deputy Clerk of the Superior Court Sussex County Judicial Center 43-47 High Street Newton, NJ 07860 LAWYER REFERRAL (973) 267-5882 LEGAL SERVICES (973) 383-7400

**UNION COUNTY:** Deputy Clerk of the Superior Court 1st Fl., Court House 2 Broad Street Elizabeth, NJ 07207-6073 LAWYER REFERRAL (908) 353-4715 LEGAL SERVICES (908) 354-4340

**WARREN COUNTY:** Deputy Clerk of the Superior Court Civil Division Office Court House 413 Second Street Belvidere, NJ 07823-1500 LAWYER REFERRAL (973) 267-5882 LEGAL SERVICES (908) 475-2010 Revised 7/1/2008, CN 10792 Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

YACKER GLATT, LLC
648 NEWARK AVENUE
JERSEY CITY, NJ 07306
TEL: (201)420-0001
Jay B. Yacker, Esq.
Attorney ID# 038531989
Attorneys for Plaintiffs: Shirley Taveras and Elianna Taveras

| | |
|---|---|
| Shirley Taveras and Elianna Taveras,<br><br>Plaintiffs<br><br>v.<br><br>Aubensor Henry, General Services Administration, John Does 1-3 and ABC Corp. 1-3<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>and JURY DEMAND |

Plaintiffs Shirley Taveras and Elianna Taveras, by and through their attorneys, Yacker Glatt, LLC, complain of the Defendants as follows:

### COUNT ONE

1. On or about September 2, 2016, Plaintiff Shirley Taveras was driving a vehicle (hereinafter "Vehicle 1") in the vicinity of the intersection of John F. Kennedy Boulevard and Audubon Avenue, in Jersey City, New Jersey.

2. At the same time and place as aforesaid, Defendant Aubensor Henry was the driver and owner of another vehicle (hereinafter "Vehicle 2").

3. At the time and place aforesaid Vehicle 2 struck Vehicle 1.

4. Defendant Aubensor Henry controlled and/or operated Vehicle 2 in a careless,

*Page 1 of 11*

negligent, and reckless manner.

5. As a direct and proximate result of the aforesaid negligence of Defendant Aubensor Henry, Plaintiff Shirley Taveras was violently tossed about, and sustained serious permanent personal injuries. These injuries have caused pain, diminished mobility and difficulty in ambulation.

6. Plaintiff Shirley Taveras has incurred and in the future will incur expenses for the treatment of said injuries. As a result of said injuries, Plaintiff Shirley Taveras has been disabled and in the future will be disabled and unable to perform her usual functions, has been caused and in the future will be caused great pain and suffering, to her great loss and damage.

**WHEREFORE**, Plaintiff Shirley Taveras demands judgment against Defendant Aubensor Henry for damages, interest and costs of suit.

### COUNT TWO

1. Plaintiff Elianna Taveras repeats each and every allegation of Count One of the complaint and incorporates same as if fully set forth at length herein.

2. Plaintiff Elianna Taveras was a passenger in Vehicle 1.

3. As a direct and proximate result of the aforesaid negligence of Defendant Aubensor Henry, Plaintiff Elianna Taveras was violently tossed about, and sustained serious permanent personal injuries. These injuries have caused pain, diminished mobility and difficulty in ambulation.

4. Plaintiff Elianna Taveras has incurred and in the future will incur expenses for the treatment of said injuries. As a result of said injuries, Plaintiff Elianna Taveras has been disabled and in the future will be disabled and unable to perform her usual functions, has been caused and in the

future will be caused great pain and suffering, to her great loss and damage.

**WHEREFORE**, Plaintiff Elianna Taveras demands judgment against Defendant Aubensor Henry for damages, interest and costs of suit.

## COUNT THREE

1. Plaintiffs Shirley Taveras and Elianna Taveras repeat each and every allegation of Counts One and Two of the complaint and incorporate the same as if fully set forth at length herein.

2. Upon information and belief, Defendant General Services Administration is the owner of Vehicle 2.

3. Defendant General Services Administration is directly negligent in permitting an unsafe driver to operate Vehicle 2.

4. As a direct and proximate result of the aforesaid negligence of Defendant General Services Administration, Plaintiffs Shirley Taveras and Elianna Taveras were violently tossed about, and sustained serious permanent personal injuries. These injuries have caused pain, diminished mobility and difficulty in ambulation.

5. Plaintiffs Shirley Taveras and Elianna Taveras have incurred and in the future will incur expenses for the treatment of said injuries. As a result of said injuries, Plaintiffs Shirley Taveras and Elianna Taveras have been disabled and in the future will be disabled and unable to perform their usual functions, have been caused and in the future will be caused great pain and suffering, to their great loss and damage.

**WHEREFORE**, Plaintiffs Shirley Taveras and Elianna Taveras demand judgment against Defendant General Services Administration for damages, interest and costs of suit.

## COUNT FOUR

1. Upon information and belief, and in the alternative to the allegations in Counts One, Two and Three above, the true name and capacity whether individual, plural, corporate, partnership, associate or otherwise of Defendants, John Does 1-3 and ABC Corp. 1-3, are unknown to the Plaintiffs, who, therefore, bring suit against said Defendants by such fictitious name. John Does 1-3 and ABC Corp. 1-3 may be the true owners or operators or parties responsible for the negligence caused by the Defendants, Aubensor Henry, John Does 1-3 and ABC Corp. 1-3 in the vicinity of the intersection of John F. Kennedy Boulevard and Audubon Avenue, in Jersey City, New Jersey.

**WHEREFORE**, Plaintiffs Shirley Taveras and Elianna Taveras demand judgment against Defendants John Does 1-3 and ABC Corp. 1-3, General Services Administration, and Aubensor Henry, jointly, severally or in the alternative, for damages, interest and costs of suit.

Yacker Glatt, LLC
Attorneys for Plaintiff

DATED: August 31, 2018

By: _____
Jay B. Yacker, Esq.

# JURY DEMAND

Plaintiffs Shirley Taveras and Elianna Taveras demand a jury trial on all issues.

## DEMAND FOR ANSWERS TO FORM C AND C1 UNIFORM INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES

Please take notice that pursuant to R.4:17-1(b)(ii) plaintiff(s) demand certified answers to Form C. and C -1 of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. Specify where you were coming from and where you intended to go at the time of the accident (give the name and exact street address of each location).

2. State whether you consumed any drugs, medication or alcoholic beverages in the 24 hours before the accident, specifying the kind, amount and place where consumed.

3. Describe your path of travel, including speed, lane changes, during the last 1000 feet of travel immediately before the point of impact;

4. State what you did, if anything, to avoid the accident.

5. State whether your license or driving privileges have been suspended/revoked within the last five years and indicate the reasons why.

6. If defendant(s) contends in any way that the injuries claimed by any plaintiff(s) to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant(s) will rely in support of said contention. Annex hereto copies of any and all medical records or other documents upon which defendant(s) will rely in support of said contention.

7. If defendant(s) contends that any plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state:

*Page 5 of 11*

    a.     The date of any and all said injuries; and

    b.     The nature of any said injuries.

8. If you owned, possessed or utilized a cellular phone, car phone, pager, or Personal Digital Assistant (PDA) on the date of the accident, provide the name and address of the telephone company billing you for the use of each said phone/pager/PDA on the date of the accident; the specific types of phone/pager/PDA and corresponding phone numbers; and attach hereto a copy of all billing statements for all calls made or received on each phone/pager/PDA during the month before, the date of, and after the subject accident;

9. If you wear, need to wear and/or are required to wear any type of corrective lenses at the time of the accident, provide the type of corrective lenses you wear, whether you are nearsighted or farsighted, what level of strength your eyesight was measured as of the day of the accident, and the names and addresses of all optometrists, ophthalmologists, eye-surgeries, and other physicians seen over the past 5 years with regard to the care of your eyes.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R 4:10-2(b) state whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Attached a copy of each insurance policy or in the alternative state:

A.     Name and address of insurer or issuer;

B.     Policy name;

C.     Date of inception and expiration of coverage;

D.     Names and addresses of all persons insured thereunder;

E. Name and address of person who has custody and possession of policy.

## DEMAND FOR DOCUMENTS

1. Please provide true copies of the communications, reports, records, notes, and other documents of any and all experts who have received any aspect of this case on behalf of defendant or defendant's attorneys and who are proposed expert witnesses on behalf of defendant in this matter. This request includes, but is not limited to, true copies of any reports of tests and experiments conducted for this case.

2. Medical Records of Plaintiff.

   (a) Records of evaluations and treatment.

   (b) Costs of medical treatment and diagnosis.

   (c) Hospital and Emergency Room Records.

   (d) Insurance Files or materials of any type whatsoever, including Central Index Bureau (C.I.B.) searches or photocopies thereof, in the possession of defendant, or their attorney in regard to plaintiff.

3. Employment records of Plaintiff.

4. Documents verifying the nature of the weather and/or accident cite conditions immediately prior to the point in time of the accident.

5. Any and all invoices, repair bills, appraisals, or any other documentary evidence demonstrating any damage and/or repairs to any vehicle involved in the accident (if applicable).

6. Any and all expert reports on the issues of damages or liability. The reports, materials, items and all other things created, examined or reviewed with reference to the above referred incident, or any and all experts who have received any aspect of this case on behalf of plaintiff or plaintiff's attorneys and who are

proposed expert witnesses on behalf of plaintiff in this matter and who have submitted a report to either plaintiff or plaintiff's attorney. The original or copies of all articles, publications, or writings authored or co-authored by the expert or toward which the expert contributed in any way. A list of all research resources that the expert consulted or reviewed in reference to forming any opinion on the above entitled cause of action. The original or copies of any medical records, reports, memoranda, books, treaties, papers, other documents, or effects that the expert consulted or reviewed that contributed to any aspect of any opinion the expert formed for this case. The original or an exact copy of everything provided to the expert for this case by anybody especially the defendant or the defendant's attorney, agents, servants or assigns. Every tangible thing that the expert has created, constructed, or experimented with or that was employed in any way to assist the expert in creating or explaining any belief, opinion, testimony or evidence that may be involved in this case. All billings, invoices, and timekeeping records for all fees charges or to be charged in reference to this case, also, all fee agreements, arrangements, or descriptions. Curriculum Vitae, resume or other document that reflects the expert's qualifications and any other document that reflects the expert's qualifications and any document that describes or explains the expert's billing procedures, amounts, and methods of payment.

7. Any and all statements taken of any party or witness to this suit, whether written or oral (if oral, set forth the names and address of the witness making such statement).

8. All documents between you and any party herein that discusses or in any other way relates to the issues raised in this litigation regardless of whether such documents were initiated by you or by such other party or parties.

9. All documents between you and any other person that discusses or in any other way related to the issues raised in this litigation regardless of whether such documents were initiated by you or by such other person.

10. All documents generated by you that discuss or in any other way is relevant to the issues raised in

*Page 8 of 11*

this litigation.

11. Any and all photographs, videotapes, movies, drawings, sketches, charts, X-rays, MRI, CAT Scans or other radiological films, tape recordings, voice recordings, maps, or reproductions of any nature whatsoever that were made with respect to anything regarding the subject matter of this litigation. State the identity of the party, the date made, the location of the document, and the name, address, and phone number of the custodian of same. Annex copies of same unless specifically prohibited by law, and if prohibited, cite regulation including section and subsection.

12. Copies of your answers to Interrogatories served in this action by any other party; and

13. Copies of any other party's answers to Interrogatories served upon them by you.

14. The entire claims filed relating to plaintiff's claim, including but not limited to the entire PIP file (if applicable.)

15. Copies of any leases and policies of insurance issued to you which were in effect on the date of the accident as alleged in the Complaint.

16. Copies of declaration pages of the policies of insurance issued to you which were in effect on the date of the accident as alleged in the Complaint.

17. Copies of any written contract between the parties and copies of all written work orders executed subsequent to the signing of the contract.

18. Police Investigation Reports and/or incident or miscellaneous reports pertaining to this accident.

19. Transcripts of any Court Proceedings.

20. Any and all documentary evidence which will be introduced for any reason at the time of trial.

21. Any and all documents demonstrating any other claims or suits arising out of this same accident or regarding the same premises, including but not limited to copies of each and every pleading, interrogatories and answers, transcripts of oral depositions, notice to take oral depositions, and Orders.

22. The Cellular telephone number for the defendant and the name of the provider at the time of the

accident.

Failure to provide the above within the thirty (30) day period required by Rule 4:18-1 will result in counsel for plaintiff applying to the Court for the appropriate sanctions, including but not limited to counsel fees and costs, precluding the use of any of the requested documents, as well as an Order, barring Defendants' defenses and striking their answer.

### NOTICE PURSUANT TO RULE 1:7-1(b)

PLEASE TAKE NOTICE that, to the extent applicable, plaintiffs may, at the time of closing argument, suggest to the trier of fact with respect to any element of damages, that unliquidated damages be calculated on a time-unit basis, without reference to a specific sum.

### DESIGNATION OF TRIAL COUNSEL

Plaintiffs Shirley Taveras and Elianna Taveras hereby designate Kimberly K. Glatt, Esq. from the law firm of Yacker Glatt, LLC as trial counsel.

DATED: August 31, 2018

Yacker Glatt, LLC
Attorneys for Plaintiff

By: _____
Jay B. Yacker, Esq.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no such action or arbitration proceeding is contemplated. To Plaintiff's knowledge, no other party should be joined in this action.

Yacker Glatt, LLC
Attorneys for Plaintiff

DATED: August 31, 2018

By: _____
Jay B. Yacker, Esq.

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-003455-18

**Case Caption:** TAVERAS SHIRLEY VS HENRY AUBENSOR
**Case Initiation Date:** 08/31/2018
**Attorney Name:** THOMAS D GLATT
**Firm Name:** YACKER GLATT LLC
**Address:** 648 NEWARK AVE
JERSEY CITY NJ 07306
**Phone:**
**Name of Party:** PLAINTIFF : Taveras, Shirley
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 08/31/2018 | /s/ THOMAS D GLATT |
| Dated | Signed |